UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARRY FRISVOLD and CINDY FRISVOLD,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>PENTAIR FILTRATION SOLUTIONS LLC, PENTAIR AQUA ECO SYSTEMS, PENTAIR SALES US, INC., PENTAIR FLOW CONTROL AG CORPORATION, PENTAIR FLOW TECHNOLOGIES, LLC, PENTAIR SSC US CO., PENTAIR THERMAL MANAGEMENT LLC, PENTAIR VALVES & CONTROLS US LP and CORPORATE DOE 1,<br><br>　　　　　Defendants. | Case No. C17-136RSL<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS AND GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT TO JOIN ADDITIONAL PARTIES AND RELIEF FROM CASE SCHEDULING DEADLINE |

**I. INTRODUCTION**

This matter comes before the Court on defendants' motion to dismiss for failure to state a claim, (Dkt. #13) and on plaintiffs' motion for leave to amend their complaint to join additional parties and for relief from the case scheduling deadline pursuant to Federal Rules of Civil Procedure 15 and 16(e), and LCR 15 and 16(b)(4). Dkt. #26. For the reasons set forth below, defendants' motion is DENIED, and plaintiffs' motion is GRANTED.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 1

## II. BACKGROUND

Plaintiffs filed this suit in King County Superior Court alleging that a defect in a water filtration system manufactured and distributed by Pentair Filtrations Solutions and various affiliates and subsidiaries (collectively, "Pentair") caused the filter to release water into the plaintiffs' home, damaging real and personal property. Dkt. #1-2 at 3. Plaintiffs assert that the filter was unreasonably dangerous as the result of defective design and manufacture, that Pentair failed to warn customers of the product's potential for failure or to provide adequate instructions on its use, and that the filter violates implied warranties to Pentair's customers. Dkt. #1-2. Pentair removed the case on January 30, 2017. Dkt. #1. Plaintiffs amended their complaint on March 7, 2017, adding factual allegations and a claim for breach of express warranty. Dkt. #10. On March 23, 2017, defendants moved to dismiss all claims against them with prejudice, arguing that the amended complaint relies on an improper cause of action and fails to state a claim upon which relief can be granted. Dkt. #13 at 2.

After receiving Pentair's initial disclosures on April 3, 2017, plaintiffs identified two additional parties involved in the manufacture and design of the product in question. Dkt. #26 at 3. Plaintiffs then filed this motion to amend their complaint to join two additional parties: Pentair Residential Filtration LLC (Omnifilter) and Sta-Rite Industries Inc. Dkt. #26 at 4. Plaintiffs' proposed second amended complaint contains no new claims against any of the defendants. Plaintiffs' motion also requests for relief from the case scheduling order setting the deadline to join additional parties as May 12, 2017. Dkt. #25. Pentair opposes plaintiffs' motion for leave to amend on the grounds that amendment would be futile for reasons articulated in Pentair's pending motion to dismiss, and also because plaintiffs' proposed amended complaint fails to relate back to their original complaint. Dkt. #28.

## III. ANALYSIS

The Court analyzes Pentair's motion to dismiss and plaintiffs' motion for leave to amend together because Pentair's opposition to plaintiffs' motion for leave to amend tracks the

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 2

arguments in its pending motion to dismiss. Therefore the Court will first consider Pentair's motion to dismiss before turning to plaintiffs' motion for leave to amend.

**A. Motion to Dismiss**

    **1.) Legal Standard**

Dismissal under Rule 12(b)(6) is appropriate if a pleading "does not allege enough facts to state a claim to relief that is plausible on its face." Ebner v. Fresh, Inc., 838 F.3d 958, 962-63 (9th Cir. 2016) (internal brackets omitted). The Court accepts "all factual allegations in the complaint as true and constru[es] them in the light most favorable to the nonmoving party." Id. at 962. The inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 963 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)).

Plaintiffs allege they purchased an Omnifilter® Undersink Water Filter Model SFM2 for use in their home, that the product and/or its component parts were designed, manufactured, constructed and/or assembled by Pentair, and that the product failed due to interior fractures in the filter's housing, releasing water that damaged real and personal property. Dkt. #10 at 2, ¶2.2-2.5. Relying on Braden v. Tornier, Inc., No. C09-5529RJB, 2008 WL 3188075, at *3 (W.D. Wash. Sept. 30, 2009), plaintiffs argue that they have alleged sufficient non-conclusory facts to state a claim that is plausible on its face by alleging that they purchased a specific product from Pentair, that the product failed due to interior fractures, and that the failure resulted in damages. Dkt. #23 at 9.

Pentair argues that plaintiffs' claims should be dismissed because they are grounded on a products liability theory, and as such are preempted by the Washington Products Liability Act (WPLA). Dkt. #13 at 2. Further, Pentair argues that even if the Court construes plaintiffs' claim as a strict liability claim, the complaint offers only "threadbare recitals" and "conclusory allegations," and also fails to allege the required elements for their cause of action. Dkt. #24 at 5. Pentair contends that simply alleging Pentair manufactured the product that failed and caused

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 3

damages does not create a plausible claim.[1] Therefore, Pentair argues that because the complaint fails to allege specifics about the alleged defects, how the product was dangerous, or how the warnings were inaccurate, plaintiffs fail to adequately plead their products liability claims. Dkt. #24 at 7.

### 2.) Washington Products Liability Act

The WPLA "created a single cause of action for product-related harms and supplanted previously existing common law remedies, including common law actions for negligence." Wash. State Physicians Ins. Exch & Ass'n v. Fisons Corp., 122 Wn.2d 299, 322 (1993). Under the WPLA, "a product manufacturer is subject to liability to a claimant if the claimant's harm was proximately caused by the negligence of the manufacturer in that the product was not safe as designed or not reasonably safe because adequate warnings or instructions were not provided." RCW 7.72.030(1). Further, a product manufacturer is "subject to strict liability to a claimant if the claimant's harm was proximately caused by the fact that the product was not reasonably safe in construction or not reasonably safe because it did not conform to the manufacturer's express warranty or to the implied warranties under Title 62A RCW." RCW 7.72.030(2). A plaintiff is not required to plead one of these theories of liability specifically before conducting discovery. See Braden, 2008 WL 3188075, at *3.

The Court finds that plaintiffs have adequately pled their causes of action for negligence, defective construction, and breach of express or implied warranties under the WPLA in accordance with the requirements of Fed. R. Civ. P. 8. The WPLA supplanted all common law claims arising out of product related damages. Macias v. Saberhagen Holdings, Inc., 175 Wn.2d 402, 409 (2012). Plaintiffs' claims are specifically pled under the WPLA and therefore are not preempted by the WPLA.

The Court further finds that plaintiffs have plausibly pled their WPLA claims. If plaintiffs

---

[1] See Force v. Wright Medical Technology, Inc., No. C12-5687RBL, 2012 WL 4897165, at *2 (W.D. Wash. Oct. 15, 2012).

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 4

had merely alleged that the product they purchased was manufactured by Pentair, that the product failed, and that the failure resulted in damage, then their complaint would be inadequate. However, plaintiffs' complaint further alleges that the product "failed due to interior fractures in the filter's housing." Dkt.# 10 at 2. This factual allegation describing *how* the product failed satisfies the pleading standard for claims under the WPLA as articulated in Braden, 2009 WL 31880785, at *3, and Force, 2012 WL 4897165, at *2. The specificity of the alleged defect in the product manufactured by Pentair that damaged plaintiffs' real and personal property furnishes the complaint with enough "factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). Whether the product's defect was due to its design or manufacture is the kind of information that is gained in discovery. Braden, 2009 WL 31880785, at *3. Requiring plaintiffs to plead facts in support of a specific theory under the WPLA would "shut the courthouse doors before plaintiffs had an opportunity to meaningfully engage in the process." Id.

Because plaintiffs' WPLA claims survive Pentair's motion to dismiss, Plaintiffs' motion for leave to amend to join additional parties cannot be denied on the grounds that amendment would be futile, and therefore should be granted with regard to plaintiffs' claims for negligence, defective design, and defective manufacture.

Pentair argues that the Court should dismiss plaintiffs' claim for breach of express or implied warranties both because plaintiffs have failed to show privity of contract, and because the action is barred by the statute of limitations. The Court finds both of these arguments unpersuasive and agrees with plaintiffs that their breach of warranty claim should not be dismissed.

The language of the WPLA makes it abundantly clear that contractual privity is not required to bring a claim for breach of warranty. "A claim may be asserted even though the claimant did not buy the product from or enter into a contractual relationship with the seller." RCW 7.72.010(5). Further, Washington's Supreme Court has held that "A product liability claim

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 5

1  may be maintained against a manufacturer or other product seller notwithstanding an absence of
2  contractual privity." <u>Washington Water Power Co. v. Graybar Elec. Co.</u>, 112 Wn.2d 847, 851
3  (1989), <u>amended sub nom.</u> <u>Washington Power Co. v. Graybar Elec. Co.</u>, 779 P.2d 697 (Wash.
4  1989). Plaintiffs therefore are not required to plead facts demonstrating the existence of
5  contractual privity between themselves and Pentair or one of its distributors.

6       The language of the WPLA also makes it clear that plaintiffs' claim is not barred by the
7  statute of limitations. Under the WPLA a product liability claim must be brought within three
8  years of the time the claimant discovers the harm and its cause. RCW 7.72.060(3). The product in
9  question allegedly failed on December 1, 2013. Dkt. #10 at 2. The original action was filed in
10 King County Superior Court on November 30, 2016. Dkt. #1-3. Therefore plaintiffs brought their
11 action prior to the expiration of the statute of limitations and their claim should not be dismissed.

12 **B. Motion to for Leave to Amend**

13     **1.) Legal Standard**

14      Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ.
15 P. 15(a)(2). There is a "strong policy in favor of allowing amendment" after "considering four
16 factors: bad faith, undue delay, prejudice to the opposing party, and the futility of amendment.
17 <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994).[2] The underlying purpose of Rule 15 is "to
18 facilitate decision on the merits, rather than on the pleadings or technicalities." <u>Lopez v. Smith</u>,
19 203 F.3d 1122, 1127 (9th Cir. 2000). However, if the proposed amendment would be futile (*i.e.*,
20 it would be immediately subject to dismissal if challenged under Rule 12(b)(6)), there is no
21 reason to put defendants through the unnecessary expense and delay of responding to the
22 amendment. <u>Nordyke v. King</u>, 644 F.3d 776, 787 n.12 (9th Cir. 2011).

23      Pentair argues that plaintiffs' proposed amendments would be futile because the complaint

---

[2] The Ninth Circuit also takes into consideration whether plaintiff has previously amended the complaint. <u>Nunes v. Ashcroft</u>, 375 F.3d 805, 808 (9th Cir. 2004). Here, plaintiffs have amended their complaint once already. Dkt. #10.

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 6

pleads allegations generally against multiple defendants without specifically alleging what each defendant is culpable for. Further, Pentair claims that plaintiffs have compounded this problem by attempting to join defendants without adding specific allegations with regard to those defendants in their second amended complaint. Dkt. #28 at 2. As explained above the Court finds that plaintiffs' complaint satisfies the requirements of Rule 8. Accordingly, the Court turns to Pentair's other futility arguments.

**2.) Pleading Generally Against Multiple Defendants**

The underlying requirement of Rule 8 is that "a pleading give fair notice of the claim being asserted and the grounds upon which it rests." Yamaguchi v. United States Department of Air Force, 109 F.3d 1475, 1481 (9th Cir. 1997). Pentair has incorrectly conflated the Rule 9 "state with particularity" requirement with the Rule 8 notice requirement. In support of its argument, Pentair cites a case involving, among other things, allegations of fraud against a mortgage company related to the foreclosure of a plaintiffs home.[3] Yet plaintiffs are not alleging fraud and therefore their allegation that they purchased a specific Pentair product that failed in particular way is sufficient to put defendants on notice of the product liability claims against them. See United States v. Corinthian Colleges, 655 F.3d 384, 992 (9th Cir. 2011) ("Notably Rule 9(b) requires only that the circumstances of fraud be stated with particularity; other facts may be plead [sic] generally, or in accordance with Rule 8."). Further, Pentair's numerous subsidiaries make it nearly impossible for plaintiffs to plead more specifically with regard to each defendant at this stage. Plaintiffs' complaint therefore sufficiently provides each defendant notice of what the claims are and a plausible basis for those claims in accordance with Rule 8.

---

[3] "A plaintiff suing multiple defendants 'must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure Rule 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." Flores v. EMC Mortg. Co., 997 F. Supp. 2d 1088, 1103 (E.D. Cal. 2014)(citing Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988).

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 7

### 3.) Relation Back

Pentair argues that the Court should deny plaintiffs' motion for leave to amend because plaintiffs' failure to name the additional defendants prior to the expiration of the statute of limitations constitutes "inexcusable neglect." They claim that plaintiffs' counsel had relevant information in their possession and that the parties were ascertainable upon reasonable investigation. Plaintiffs deny this and claim that the identity of the new parties was revealed by an internet search of the contact information belonging to an employee who was listed in Pentair's initial disclosures.

Unless state law provides a more liberal standard, the requirements of Fed. R. Civ. P. 15(c) apply where an amended complaint changes the name of the defendant. Armas v. New Albertson's Inc., CV13-3036 LR, 2013 WL 6498295, at *1 (E.D. Wash. 2013). "Whatever may be the controlling body of limitations law, if that law provides a more forgiving principle of relation back than the one provided by this rule, it should be available to save the claim." Fed. R. Civ. P. 15(c)(1) advisory committee note to 1991 amendment. Washington Superior Court Civil Rule (CR)15(c)'s "inexcusable neglect" requirement to "relation back" does not provide a more liberal standard then the federal rule. Therefore, "relation back" will be assessed in this case by the standard set forth in Fed. R. Civ. P. 15(c).

The Court finds that plaintiffs' amendments relate back to the filing of the original complaint under Fed. R. Civ. P 15(c). Under Rule 15(c)(1) the following three requirements must be satisfied: 1) the claim against the newly added defendant must have risen out of the conduct set forth in the original complaint; 2) the new defendant must have received sufficient notice of the original action "within the period provided by Rule 4(m) of serving the summons so that it will not be prejudiced in defending the claim on its merits"; and 3) the new defendant must have known or should have known that "but for a mistake concerning the proper party's identity," it would have been named in the original complaint. See Armas, 2013 WL 6498295, at *2. Plaintiffs correctly conclude that the claim against the new defendants involves the same

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 8

occurrence as the original claim against Pentair, and that newly named defendants had constructive notice of the action and have not argued that any unfair prejudice would result from relation back.[4] Dkt. #30 at 3.

Regarding the third factor, relation back under Rule 15(c)(1)(C) depends on what the party to be added knew or should have known, not the amending party's knowledge or timeliness in seeking to amend the pleading. Krupski v. Coasta Crociere S.p.A., 560 U.S. 538, 541 (2010). "Fed. R. Civ. P. 15(c) is intended to protect a plaintiff who mistakenly targets the wrong defendant, and then discovers, after the relevant statute of limitations has run, the identity of the proper party." Armas, 2013 WL 6498285 at *4. The purpose is to "balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rule of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Id.

When the named defendant and the party that the plaintiff intended to sue have an "identity of interest", the amendment adding the proper party will relate back. 6A Wright, Miller & Kane, Federal Practice and Procedure §1499, at 197-198 (2010). "Identity of interest" generally means that parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of litigation to the other. G.F. Co. v. Pan Ocean Shipping Co., Ltd., 23 F.3d 1498,1503 (9th Cir. 1994), Thompson v. Nat'l R.R. Passenger Corp., 91 f.App'x 604, 605 (9th Cir. 2004). An "identity of interest" has been found between a parent and a wholly owned subsidiary. Goodman v. Praxair, Inc., 494 F.3d 458, 475 (4th Cir. 2007). Pentair Residential Filtration LLC was a wholly owned subsidiary of its parent Pentair at the time the original complaint was filed, and remains so today. Since eight of Pentair's subsidiaries were named in the original complaint, not only can Pentair Residential Filtrations

---

[4] Timely filing of a complaint and notice within the limitations period to the party named in the complaint permit imputation of notice to a subsequently named and sufficiently related party. Schiavone v. Fortune, 447 U.S. 21, 29 (1986).

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 9

1  LLC be deemed to have constructive notice, but also the Court agrees with plaintiffs that it is
2  reasonable to assume counsel representing the eight named subsidiaries would have notified both
3  the parent company and the relevant subsidiaries of the claims with which they were associated.
4  Therefore because the newly named subsidiaries have a sufficient "identity of interest," plaintiffs
5  have satisfied the "relation back" requirement under Fed. R. Civ. P. 15(c)(1)(C).

**C.)  Relief from Deadline to Join Additional Parties**

Case scheduling orders may be modified only for good cause and with the Court's consent. LCR 16(b)(4). The minute order setting trial date and related dates issued by the court on April 14, 2017 set a May 12, 2017 deadline for joining additional parties. Dkt. #25. Plaintiffs argue that the 28-day window between the minute order and the deadline does not provide the parties with sufficient time to conduct discovery to identify and join additional interested parties because. Dkt. #26 at 5. Pentair's responses to interrogatories related to identification of interested parties were due on May 19, 2017. Plaintiffs therefore have good cause for modification of the case scheduling order. Accordingly, plaintiffs' request for relief from the case scheduling order's deadline for joining additional parties is granted. The remaining deadlines set by the Court's April 14, 2017 minute order shall remain the same. See Dkt. #25.

## IV.  CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (Dkt. #13) is DENIED and plaintiffs' motion for leave to amend to join additional parties and for relief from the minute order setting the deadline to join additional parties (Dkt. #26) is GRANTED.

Dated this 31st day of July, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER DENYING DEFENDANTS'
MOTION TO DISMISS AND GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO AMEND- 10