1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

LARRY FRISVOLD, et al.,

CASE NO. C17-136 MJP

11

Plaintiffs,

ORDER ON PLAINTIFFS'
MOTION TO COMPEL

12

v.

13

PENTAIR FILTRATION SOLUTIONS
LLC, et al.,

14

15

Defendants.

16

The above-entitled Court, having received and reviewed:

17

1.  Plaintiffs' Motion to Compel Discovery (Dkt. No. 33);

18

2.  Pentair Defendants' Response to Plaintiffs' Motion to Compel Discovery (Dkt. No.

19

37);

20

3.  Plaintiffs' Reply in Support of Motion to Compel Discovery (Dkt. No. 41);

21

all attached declarations and exhibits; and relevant parts of the record, and rules as follows:

22

IT IS ORDERED that the motion is GRANTED; Pentair is ordered to provide, within 10

23

business days of the date of this order, complete responses to Plaintiffs' discovery requests in

24

their First Set of Interrogatories and Requests for Production seeking information related to all subsequent series of the product in issue and substantially similar products.

IT IS FURTHER ORDERED that Defendant (if it has not already done so) provide all information relating to claims made to Pentair relating to SFM2 filters manufactured by Sta-Rite Industries, LLC using the OMNI design.

## **Background**

Plaintiffs allege approximately $150,000 in damages to their home due to the failure of an Omnifilter Undersink Water Filter manufactured by a company which had been acquired by Pentair.[1] Among Plaintiffs' first set of interrogatories was a request for information related to the design, engineering and testing of the filter they had used (the model they had purchased was identified as a Model SFM2, Series A; hereinafter "the Product"), as well as "substantially similar products" (which Plaintiffs defined as the later series of the same model[2]).

Defendant explains that the Product was designed and manufactured by OMNI Corporation, which was later acquired by Sta-Rite Industries, LLC, which was then purchased by Pentair in 2004. The Product at issue was manufactured after the Pentair acquisition and discontinued in November 2005. Defendant asserts that it has provided Plaintiffs with all the drawings of the Product it received when it bought Sta-Rite.

Prior to acquiring Sta-Rite, Pentair was already manufacturing a competing filter. Following the discontinuation of the Product, Sta-Rite began manufacturing the Pentair filter and

---

[1] Plaintiffs sued eight individual "Pentair" companies, all subsidiaries of a parent company; as Defendant did in its briefing, the eight defending companies will be referred to collectively as "Pentair" or "Defendant."

[2] There were two further series (B and C) with the same model number. The installation manuals in the B and C series both contain language recommending replacement of "the bottom of the opaque plastic housings" every 10 years. Plaintiffs allege that this was the part of the water filter which failed on their unit, and further allege that the Series A installation manual contained no such language.

selling *it* under the same name as the Product (i.e., "Omnifilter SFM2 Filter"). Defendant declares that neither the design of the original SFM2 ("the Product") or the Pentair filters (Series B and C) now sold as a Model SFM2 have been altered by either Pentair or Sta-Rite since 2002.

Pentair asserts that "the later filter is a fundamentally different product as it derived from an entirely separate design and manufacturing background." (Dkt. No. 40, Decl. of Vreeke at ¶ 8.) Defendant further declares that "Pentair cannot readily identify differences between the Omni Corporation SFM2 and the SFM2 filters manufactured using the pre-existing Pentair design… as it did not undertake to identify those differences as a business matter." (Id. at ¶ 10.)

## **Discussion/Analysis**

Plaintiffs are essentially asking for two things: that Pentair be compelled to (1) disclose all non-privileged information regarding the design, testing and manufacture of the later series of the SFM2, and (2) produce all discovery related to lawsuits and claims of alleged defects in the Product.

Defendant acknowledges that Plaintiffs have a right to everything in their possession regarding the second item: lawsuits and claims of defects related to the Product. Regarding the first item, Pentair opposes the motion on two grounds.

Improper citation to legal standard and relevant cases

Plaintiffs' opening brief cites an outdated version of the FRCP's; specifically, FRCP 26(b)(1), which enunciates the standard that "[r]elevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible

evidence." That rule was amended in 2015 to narrow the scope of discovery to information that is relevant and "proportional to the needs of the case:"

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Plaintiffs not only did not cite this current version of the rule, but their case citations concern the previous version of FRCP 26(b) as well. Defendant argues that the Court "should deny their motion on that basis alone." (Response at 7.) Barring that, Pentair asserts that sanctions are warranted and that Plaintiffs should not be permitted to make any analysis under the current version of FRCP 26(b) because it would constitute "new argument" not previously articulated.

Defendant cites no authority for its argument that Plaintiffs' oversight merits denial of their motion, and that suggestion will be rejected. Nor does the failure to cite the most current version of the rule rise, in the Court's mind, to a sanctionable offense. Further, in view of the fact that Defendant's brief contains a detailed analysis under the operative version of the FRCP of why Plaintiffs' motion should be denied, the Court does not consider that Pentair has been prejudiced by this omission. The Court will proceed to an analysis of the motion on the merits.

Failure to satisfy the applicable standard

A "proportionality" analysis under the current FRCP does not produce the result which Defendant seeks:

1    1. *Importance of issues at stake*: even Defendant acknowledges that the issue of whether the

2       Product's design was defective is important.  Equally important is any information

3       tending to establish whether Pentair knew or should have known it was defective.

4

5    2. *Amount in controversy*: Defendant tries to argue that the $153,279 in damages is "a

        relatively small amount in controversy;" the Court does not agree.

6

7    3. *Relative access to information*: Pentair concedes that it alone has access to the

8       information.

9

10   4. *Parties' resources*: Plaintiffs dispute Defendant's claim that this is a subrogated action,

        but they agree that they are sufficiently resourced personally.

11

12   5. *Importance of the discovery in resolving the issues*: Pentair's argument that the

13      information sought will not assist the parties in resolving the issues is not persuasive.  If

14      the designs of the Series A, B and C filters are similar, it would be relevant (in

15      combination with Pentair's warnings regarding the B and C Series filters) in developing

16      Plaintiffs' theory that Defendant knew or should have known about the alleged defects in

17      the Product.

18       As Plaintiffs point out, "relevance" remains an issue under the most current version of

19   FRCP 26(b) as well.  Defendant offers no case citations to suggest that the long-standing

20   Supreme Court definition of "relevance" is not still the standard: "[A]ny matter that bears on, or

21   that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the

22   case."  Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

23

24

1    Pentair represents that it has given Plaintiffs everything in its possession regarding the

2   design and manufacture of the Product.  That leaves the information related to the design and

3   manufacture of the Series B and C Omnifilters as the remaining issue.  Pentair argues that

4   Plaintiffs are not entitled to the information regarding filters Defendant alleges are sufficiently

5   different that they have no bearing on the issues regarding the Product.

6        From the Court's perspective, the relevance of the Series B and C information boils down

7   to: are the designs of the three filters (the Product and the B and C Series filters) sufficiently

8   similar that Plaintiffs could argue that, if Pentair was aware of a potential design flaw in its

9   Series B and C filters (such that it would include a warning in their manuals), Pentair knew or

10  should have known that the Product contained a similar flaw and deserved a similar warning?

11

12       Neither party submits any expert declarations regarding either the similarity or

13  dissimilarity of the three filters.  Plaintiffs do submit the installation manuals for all three and,

14  from the Court's decidedly non-expert review, it appears that the three devices are very similar.

15

16       Plaintiffs also cite to Pennsylvania District Court case which lists three factors upon

17  which a party can establish similarity or lack of similarity: (1) the materials used to manufacture

18  the different models, (2) the designs of the different models and (3) the engineering principles

19  governing the different models.  Bowman v. General Motors Corp., 64 F.R.D. 62, 71 (D.Penn.

20  1974).  Pentair makes no attempt to establish "dissimilarity" based on these factors, merely

21  stating that "Pentair cannot readily identify the differences… as it did not undertake to identify

22  those differences as a business matter."  (Response at 4.)  That is an inadequate counterargument

23  in the face of Plaintiffs' *prima facie* showing of similarity and the relevance of the information.

24

**Conclusion**

Defendant concedes that Plaintiffs are entitled to "information relating to claims made to Pentair relating to SFM2 filters manufactured by Sta-Rite Industries, LLC using the OMNI design" and has indicated it would provide that information by September 1. Plaintiffs have also established their right to information regarding the design, testing and manufacture of the Series B and C water filters and any other substantially similar products. Defendant will produce whatever information it has in that regard to Plaintiffs within 10 business days of the date of this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated: October 11, 2017.

Marsha J. Pechman
United States District Judge